**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

K.J., AN INDIVIDUAL,

Plaintiff, CIVIL ACTION NO: _________

against

G6 HOSPITALITY PROPERTY LLC,

Defendant.

**COMPLAINT**

COMES NOW the Plaintiff K.J., by and through the undersigned counsel, and respectfully submits her Complaint for damages and makes the following averments.

**INTRODUCTION**

1. This action for damages is brought by K.J. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. G6 HOSPITALITY PROPERTY LLC ("Defendant") was the owner and operator of the subject premises and subject hotel, doing business as Motel 6, located at 2741 Freeway Boulevard, Brooklyn Center, MN 55430, during the relevant time period in 2013 and through and inclusive of April 2022, and as such was responsible for the subject hotel during the time period Plaintiff was sex trafficked on said premises.

3. During the relevant time period, Defendant was owner of the subject premises located at the address listed above.

4. During the relevant time period, Defendant was operator of the subject premises located at the address listed above.

5. Plaintiff meets the definition of a sex trafficking victim as she was caused by her traffickers to engage in commercial sex at Defendant's subject hotel in 2013 and through and inclusive of April 2022, during the time Defendant owned and operated the subject hotel. Plaintiff was under the age of eighteen when she was first trafficked at the subject hotel, and was induced by force, fraud, and coercion by her traffickers.

6. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion, and criminalizes the sex trafficking of a person under the age of eighteen without regard to force, fraud, or coercion. See 18 U.S.C. § 1591. Separately, § 1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. See 18 U.S.C. § 1595(a). More specifically, § 1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated § 1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated § 1591(a)(2) – a criminal statute; and (3) a beneficiary claim against a civil defendant who did not violate § 1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, i.e. a beneficiary claim against a civil defendant.

7. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address are not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficked victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

8. Plaintiff is currently a resident of the State of Minnesota.

9. Plaintiff was born in December 1995.

10. At all times relevant and material, Defendant owned and operated a hotel doing business as Motel 6 and located at the address set forth above in paragraph 2 and was authorized, licensed, and doing business in the State of Minnesota offering the subject hotel as a place of public lodging.

11. The principal place of business of Defendant is 4001 International Pkwy, Carrollton, TX 75007.

12. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district, and pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this District.

14. The principal place of business of Defendant G6 HOSPITALITY PROPERTY LLC is located at 4001 International Pkwy, Carrollton, TX 75007 within the Eastern District of Texas. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

15. As the hotel owner and hotel operator during the relevant time period for the subject property, Defendant G6 HOSPITALITY PROPERTY LLC, (headquartered at 4001 International Pkwy, Carrollton, TX 75007, within the Eastern District of Texas), controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for its subject property where Plaintiff was sex trafficked.

16. Plaintiff sets forth an action for violation of 18 U.S.C § 1595 as against Defendant.

17. At all relevant times, Defendant, as owner and operator, was involved in the staffing and operation of Defendant's subject hotel where Plaintiff was trafficked for sex during the relevant time period of Defendant's ownership in 2013 and through and inclusive of April 2022.

18. Plaintiff was trafficked at the subject hotel by a group of traffickers acting together, which group consisted of approximately four to five men. Plaintiff knew two of her traffickers by the nicknames "Con" and "Little Dirt". Plaintiff's traffickers were assisted in the trafficking of Plaintiff at the subject hotel by a woman known to Plaintiff as "Sonia".

19. Sonia occupied the role commonly referred to within commercial sex trafficking operations as the "bottom" — a woman subordinate to the male traffickers who is tasked with, among other things, renting the hotel rooms used by the venture, supervising the other victims, and recruiting additional women and girls into the venture. Sonia repeatedly rented rooms at Defendant's subject hotel that were used for the commercial sexual exploitation of Plaintiff and of other victims of the same venture.

20. Plaintiff was one of at least ten women and girls trafficked by this group at Defendant's subject hotel. On each occasion the group came to the subject hotel, it rented approximately four to five rooms at one time, with approximately two women or girls housed in each room. Plaintiff was housed with other victims of the same trafficking venture in the rooms so rented.

21. In order to cause and compel Plaintiff to engage in sex with sex buyers at the subject hotel, her traffickers used various means to do so including:

a. physical violence and threats of physical violence, including beatings and pistol-whipping, which left visible marks and bruising on Plaintiff's body;

b. the possession, display and use of firearms by Plaintiff's traffickers;

c. the suffocation of Plaintiff, including by holding a pillow over her head until she could not breathe, when she cried out during such beatings;

d. the confinement of Plaintiff within the rented rooms and the denial of her liberty to leave them;

e. the provision and administration to Plaintiff, on a daily basis, of controlled substances including opiates and benzodiazepines, and the chemical dependency thereby created and exploited;

f. the imposition upon Plaintiff of monetary quotas that she was required to earn through commercial sex, and physical punishment when those quotas were not met;

g. at times, the taking and retention of Plaintiff's identification documents;

h. threats directed at Plaintiff's own safety and wellbeing;

i. Plaintiff's status as a minor and her corresponding dependence upon and vulnerability to her traffickers; and

j. other means of force, fraud and coercion used by the traffickers.

22. Plaintiff meets the definition of a sex trafficking victim. Plaintiff was under the age of eighteen from the commencement of her trafficking at the subject hotel in 2013 until December 2013, when she attained the age of eighteen. As to that period, 18 U.S.C. § 1591 applies without regard to force, fraud, or coercion, and Plaintiff is not required to establish force, fraud, or coercion in order to meet the definition of a sex trafficking victim. Force, fraud, and coercion were nonetheless used against Plaintiff by her traffickers throughout that period, and the use of force, fraud, and coercion by her traffickers continued after Plaintiff attained the age of

eighteen and through and inclusive of April 2022, during which time Plaintiff was induced by force, fraud, and coercion by her traffickers to have sex with sex buyers at Defendant's subject hotel.

23. Rooms rented for use for the sex trafficking of Plaintiff on Defendant's subject premises were rented by Plaintiff's traffickers or at the direction of and under the control of Plaintiff's traffickers. Such rooms were registered at times in the name of Sonia, and at times, at the direction and under the compulsion of her traffickers, in Plaintiff's own name.

24. Discovery will inform the full extent to which the traffickers, or individuals acting at the traffickers' direction, booked rooms at the subject hotel that were used for the sex trafficking of the Plaintiff in violation of the TVPRA, including:

a. the names under which such rooms were registered, and the frequency with which the same registrants recurred in Defendant's records;

b. Whether cash, prepaid card, debit card or credit card was used at the time of respective booking or renewal;

c. Whether staff of Defendant required for each booking that the renter show their identification; and

d. the room rates charged for such bookings, and any discount from Defendant's ordinary published rates that was extended in connection with them.

25. Defendant knowingly benefited from the sex trafficking of Plaintiff at Defendant's hotel by receiving payment for the rooms rented for use in the sex trafficking of Plaintiff, in violation of the TVPRA, in 2013 and through and inclusive of April 2022.

26. Defendant rented rooms to individuals it knew or should have known were engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

27. Plaintiff's traffickers used proceeds derived from the sex trafficking occurring on the subject premises to continue to pay for rooms rented at the subject hotel during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

28. Upon information and belief, Plaintiff was advertised online by her traffickers for commercial sex which was to occur at the subject hotel.

29. In addition, Defendant received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur (as Plaintiff was, upon information and belief, advertised by her traffickers online) and from such Wi-Fi service Defendant, upon information and belief, received financial benefit.

30. During the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's traffickers that violated the TVPRA as to the Plaintiff herein.

31. Operating a hotel and renting out rooms is an enterprise involving risk and potential profit.

32. Defendant operating the subject hotel and renting out rooms used for the sex trafficking of Plaintiff was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

33. Defendant G6 HOSPITALITY PROPERTY LLC's association with Plaintiff's sex traffickers was a venture because Plaintiff's traffickers had prior and ongoing commercial dealings with said Defendant at the subject hotel's premises, by means of rooms repeatedly rented for the traffickers' benefit and at the traffickers' direction during the time period of

Plaintiff's trafficking, which Defendant knew, or should have known, were being used for and were facilitating the sex trafficking of Plaintiff in violation of the TVPRA, and which the parties wished to continue for profit.

34. Defendant's repeated rental of rooms used for the sex trafficking of Plaintiff at the subject hotel was not a standard arm's length transaction, but rather the repeated room rental transactions which occurred during the time that Plaintiff was trafficked at the subject hotel were colored by overt indicators of sex trafficking, such that Defendant knew, or should have known, that Defendant was renting rooms used by individuals engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

35. Upon information and belief, at times Defendant did not charge Plaintiff's traffickers Defendant's ordinary published room rate. Plaintiff observed a rental receipt for a room at the subject hotel reflecting that a discount had been applied to the rate charged to her traffickers. Upon information and belief, Defendant extended discounted room rates to Plaintiff's traffickers in recognition of, and in order to secure the continuation of, the traffickers' repeated multi-room bookings at the subject hotel, which bookings Defendant knew or should have known were being used for commercial sexual exploitation. The extension of preferential pricing to Plaintiff's traffickers is inconsistent with an arm's length lodging transaction and evidences an ongoing and mutually beneficial commercial relationship between Defendant and the trafficking venture.

36. Plaintiff's traffickers maintained a familiar and overtly friendly relationship with Defendant's front desk and other staff at the subject hotel, including with a female front desk employee and with a second female employee of Defendant. That familiarity was developed and maintained over the course of the traffickers' repeated stays at the subject hotel across a period

of years, during which the traffickers dealt directly and recurrently with Defendant's staff in booking, extending, and paying for the rooms used to traffic Plaintiff.

37. A continuous business relationship existed between Defendant's hotel, its agents, employees and staff, and Plaintiff's traffickers' sex trafficking business, in part, in that Defendant provided assistance, support, or facilitation to Plaintiff's traffickers by repeatedly renting rooms used by individuals they knew or should have known were involved in sex trafficking on the premises in violation of the TVPRA, including as to the Plaintiff herein; and in doing so facilitated the venture's success.

38. Defendant knowingly benefited from this venture, or enterprise, involving risk and potential profit, which was in violation of the TVPRA as to the Plaintiff herein, by receiving payment for the rooms used for the sex trafficking of Plaintiff, in 2013 and through and inclusive of April 2022.

39. Defendant participated in a venture by operating the subject hotel that rented rooms to individuals that said Defendant knew or should have known were involved in sex trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

40. Defendant participated in a venture that said Defendant knew or should have known was trafficking Plaintiff at Defendant's hotel in violation of the TVPRA.

41. This Defendant knew or should have known that the undertaking or venture violated the TVPRA as to the Plaintiff.

42. Defendant knew or should have known about the nature of the sex trafficking occurring at Defendant's hotel, including as to the Plaintiff, a victim, due to the many red flags then and there existing, which are to be considered collectively and not in isolation, including but not limited to:

a. Steady and voluminous foot traffic of sex buyers to the rented rooms to have sex with Plaintiff, occurring on a daily basis;

b. The repeated rental by the same group of approximately four to five rooms at one time, occupied by approximately two young women or girls per room, on repeated occasions over a period of years;

c. Plaintiff and her traffickers stayed at the subject hotel for consecutive periods of approximately five to seven days at a time, on repeated occasions;

d. Plaintiff had visible signs of physical abuse, including visible bruising, on her body;

e. Plaintiff had the overt appearance of a minor during the initial period she was trafficked at the subject hotel;

f. Obvious signs of illegal drug use, and of the sale and distribution of controlled substances, were present in and about Plaintiff and the rented rooms, which, upon information and belief, were observable by Defendant's staff;

g. Loud noises emanated from the rented rooms, including the sounds of physical violence and of women and girls crying out, which were audible outside of those rooms;

h. Room rates charged to Plaintiff's traffickers were discounted from Defendant's ordinary published rates;

i. Upon information and belief, Plaintiff was advertised online for commercial sex acts at the subject hotel; and

j. Other commonly known sex trafficking red flags which the above captioned Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

43. Upon information and belief, Defendant's staff witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including items set forth in paragraph 42 above.

44. When being trafficked at the subject hotel in 2013 and through and inclusive of April 2022, Plaintiff's traffickers interacted directly and repeatedly with Defendant's staff over a period of years. Defendant's staff witnessed and observed Plaintiff's traffickers, the multiple young women and girls housed in the rooms rented by and for them, and a frequent procession of sex buyers going in and out of the subject rented rooms, contemporaneous with other signs and indicators of trafficking occurring on the subject premises.

45. During the period she was trafficked at the subject hotel, Plaintiff attempted to summon help from Defendant's staff by leaving behind written notes in the rented rooms stating that she needed help, which notes she left when her traffickers moved the victims from one room to another. Upon information and belief, such notes were left in rooms thereafter serviced by Defendant's housekeeping staff. On one such occasion Plaintiff was discovered by the trafficker known to her as "Little Dirt" and was beaten as a consequence.

46. Defendant's involvement and failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at the subject hotel and suffering the trauma physically and mentally of being induced to engage in commercial sex

with multiple sex buyers per day, while being trafficked, and while simultaneously being under the control and coercion of her traffickers, as well as all residual injuries suffered from PTSD.

47. This Defendant, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to:

a. guest visibly under the influence of drugs or alcohol;

b. guest creating a nuisance to the public;

c. guest believed to use a hotel room for unlawful purposes;

d. guest uses hotel amenities and premises for unlawful acts;

e. guest brings in extra unregistered guests;

f. guest's behavior reasonably disturbs other guests;

g. guest violates other rules set by the hotel; and

h. for other indicated reasons.

48. Plaintiff being sex trafficked at the subject hotel was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries including but not limited to the horror of being a victim of sex trafficking as a child, as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, substance abuse, and PTSD, which in turn affects daily functioning. Plaintiff has required, and continues to require, professional counseling and mental health treatment as a result of the injuries she sustained.

49. As a direct and proximate result of Defendant's involvement and multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at its hotel property, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's hotel in violation of the TVPRA.

50. As a consequence of being sex trafficked at the subject hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, and psychological injuries as the result of being trafficked and sexually exploited at the subject hotel in violation of 18 U.S.C. § 1591.

**TOLLING OF LIMITATIONS**

51. Plaintiff was under the control, coercion, and manipulation of her traffickers through at least April 2022, and as a result, Plaintiff lacked the information and capacity to understand her injuries and their legal causes.

52. Thus, Plaintiff did not discover and could not reasonably have discovered the legal cause of her injury—through no fault of her own—and lacked the information and understanding to bring a claim because she did not know both her injury and the cause of her injury. This lack of information was a direct result of Plaintiff being kept under the control, coercion, and manipulation of her traffickers, which Defendant facilitated.

53. At the time Plaintiff was harmed, she did not know that she was the victim of human trafficking as that term is defined by law, that her injury arose from being “trafficked” at Defendant’s hotel or that she was a person “trafficked,” much less that she was the “victim” of a legal venture involving Defendant, and she did not discover and was not in a position to discover the legal cause of her injury for years after her trafficking ended.

54. To the extent Defendant asserts an affirmative defense of limitations, Plaintiff invokes the doctrine of equitable tolling because, as a result of being a victim of trafficking, Plaintiff faced extraordinary circumstances, which arose through no fault of her own, that prevented her from filing a lawsuit, and those circumstances did not end more than 10 years before Plaintiff filed this lawsuit.

55. While under the control of her traffickers through at least April 2022, Plaintiff did not have the freedom to investigate her claims, to identify those responsible, or to seek legal representation necessary to pursue her legal rights. Plaintiff could not have pursued her claims while under the active control of her traffickers despite the exercise of ordinary diligence.

56. To the extent Defendant asserts an affirmative defense of limitations, Plaintiff invokes the continuing violation doctrine because this lawsuit arises out of a pattern of continuous and ongoing tortious conduct by Defendant.

57. Plaintiff was subject to continuous and repeated trafficking at the subject hotel through at least April 2022, which is not more than 10 years before Plaintiff brings this lawsuit.

58. This continuous trafficking resulted from Defendant's facilitation of trafficking at the subject hotel as described above.

59. The TVPRA's ten-year limitations period, 18 U.S.C. § 1595(c), is subject to equitable tolling. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95–96 (1990) (federal statutes of limitations are presumptively subject to equitable tolling); Arellano v. McDonough, 598 U.S. 1 (2023) (restating the Irwin presumption). See also Doe v. G6 Hospitality Franchising LLC, No. 3:25-cv-00770 (N.D. Tex.).

60. Furthermore, Plaintiff's minority status during a portion of the period of her trafficking additionally supports tolling. Plaintiff was born in December 1995 and was seventeen (17) years of age when her trafficking at the subject hotel commenced in 2013. Plaintiff remained a minor until December 2013, when she attained the age of eighteen, and her trafficking at the subject hotel continued thereafter through and inclusive of April 2022.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as identified in the above-referenced Count and as follows:

a. All available compensatory damages for the described losses with respect to the above cause of action;

b. Past and future emotional distress;

c. Consequential and/or special damages;

d. All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e. Physical pain and suffering;

f. Disgorgement of profits obtained through unjust enrichment;

g. Restitution;

h. All damages allowable under the TVPRA;

i. Reasonable and recoverable attorney's fees;

j. Punitive damages with respect to each cause of action;

k. Costs of this action; and

l. Pre-judgment and all other interest recoverable.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: July 28, 2026

RESPECTFULLY SUBMITTED,

/s/ Jason Byrd
THE BYRD LAW FIRM
448 Orleans

Beaumont, TX 77701
Telephone: (409) 924-0660
Facsimile: (409) 924-0035
jason@txbyrd.com

Randolph Janis
Randolph Janis, Esq.
DOUGLAS & LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
rjanis@douglasandlondon.com

Chloe Makowsky
Chloe Makowsky, Esq.
DOUGLAS & LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
cmakowsky@douglasandlondon.com

Attorneys for Plaintiff